UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND AYALA, | ) |
| | ) No. CV-05-5052-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING IN PART |
| v. | ) PLAINTIFF'S MOTION FOR SUMMARY |
| | ) JUDGMENT AND REMANDING FOR |
| JO ANNE B. BARNHART, | ) ADDITIONAL PROCEEDINGS |
| Commissioner of Social | ) PURSUANT TO SENTENCE FOUR OF |
| Security, | ) 42 U.S.C. § 405(g) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 17) submitted for disposition without oral argument on February 6, 2006.  Attorney Tom Bothwell represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents Defendant.  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.)  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and remands for additional proceedings pursuant to sentence four of 42 U.S.C. §405(g).

Plaintiff, 50-years-old at the time of the administrative decision, protectively filed applications for Social Security

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

disability and Supplemental Security Income (SSI) benefits on June 5, 2001,[1] alleging disability as of May 5, 2001, due to psychological problems, diabetes, sleeping disorder, breathing problems, arthritis, post surgical knee problems, foot problems and side effects of medications. (Tr. at 89.) Plaintiff had a high-school education, two years of college and some vocational training. (Tr. at 23.) Past work experience included automotive salesperson. Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Richard Hines (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff was insured for disability benefits through the date of his decision, and had not engaged in substantial gainful activity. Plaintiff suffered from severe injuries secondary to a motor vehicle accident in 1987, including diabetes, status post old fractures and knee surgery. The ALJ found the mental impairments did not meet the durational requirements and did not pose more than minimal limitations on his ability to work. (Tr. at 26.) The ALJ rejected Plaintiff's testimony as not fully credible. The ALJ concluded Plaintiff retained the residual capacity to perform a full range of light work and was able to perform past relevant work as an auto salesman. (Tr. at 28.)

---

[1] A prior application for disability benefits was denied September 25, 1997. (Tr. at 22.) The ALJ did not find reasons to reopen that application.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends there is no evidence to support the ALJ's conclusion Plaintiff can return to his past relevant work as an auto salesman because he has no driver's license. Additionally, there is no evidence Plaintiff can perform a full range of light work due to the opinion of the treating physician that Plaintiff was limited to sedentary work and suffered from side effects of medication. Additionally, Plaintiff contends he suffered from more than non-severe mental impairments. Finally, Plaintiff contends the ALJ should have credited his complaints of pain.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**MISSING / ADDITIONAL EVIDENCE**

Plaintiff first asserts the administrative record is incomplete and does not include medical records that were considered by the Appeals Council. Plaintiff has attached the missing records to his Memorandum of Authorities. (Ct. Rec. 14, 15.) Defendant responds the court should not review this evidence because the Appeals Council chose to deny Plaintiff's request for administrative review

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

and chose not to include any new evidence in the administrative record. (Tr. at 7-10.) Defendant contends these were discretionary choices and not final decisions made after a hearing. Thus, Defendant asserts this court is barred under the doctrine of sovereign immunity from considering the records attached to Plaintiff's Memorandum. Moreover, to the extent the evidence is new, Plaintiff has not established good cause and materiality to support a sentence six remand under 42 U.S.C. § 405(g).

The administrative record discloses Plaintiff's counsel was notified by the Social Security Administration on August 3, 2004, that if additional evidence were to be submitted to the Appeals Council, it needed to be sent within 25 days of August 3, 2004. (Tr. at 14.) On February 14, 2005, Plaintiff's counsel submitted additional evidence including the following documents:

(a) physical evaluation (four pages) dated **August 13, 2004,** by Ernest Segren, PAC;

(b) psychological / psychiatric evaluation (four pages) dated **August 18, 2004,** by Deborah M. Lusch, RNC;

(c) psychological / psychiatric evaluation (four pages) dated **December 8, 2004,** by Ms. Lusch;

(d) chart notes and medical records (13 pages) from Lourdes Counseling Center, dated **June 11, 2003, to September 7, 2004**; and

(e) chart notes and medical records (104 pages) from La Clinica, Kennewick, dated **February 15, 2002,** (Ct. Rec, 14 at 62) **to December 6, 2004.** (Tr. at 12, 13, emphasis added.)

With its decision denying review, the Appeals Council set forth the additional evidence considered and made part of the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

administrative record:

(a) Ex. AC-1, notes from La Clinica dated **February 15, 2003,[2] through November 5, 2003**; and

(b) Ex. AC-2, progress notes from Lourdes Counseling Center dated **June 11, 2003, through December 2, 2003.**
(Tr. at 11.) Additionally, the Appeals Council noted it reviewed the rest of the supplemental materials submitted by Plaintiff, but refused to make those materials a part of the record because they related to a period of time following the ALJ's decision of November 14, 2003. (Tr. at 8.)

To the extent supplemental evidence was considered by the Appeals Council and made a part of the administrative record, this court considers that evidence in its review of the ALJ's decision. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993). However, the Appeals Council shall consider "new and material" evidence only if such evidence relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970; *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991). Thus, the Appeals Council correctly considered and made a part of the administrative record for this court's review only those materials relevant to the time prior to the ALJ's decision dated November 14, 2003.

With respect to the rejected evidence, a discretionary decision by the Appeals Council is not a "final" decision "made after a hearing" subject to judicial review. 20 C.F.R. § 404.970(b);

---

[2]The court considers this reference to be a typographical error with the correct date being February 15, 2002.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 6

*Matlock v. Sullivan,* 908 F.2d 492, 494 (9th Cir. 1990) (discretionary decision not reviewable); *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985) (discretionary decision is not reviewable).

Whether the captioned matter should be remanded for further administrative proceedings based on the new evidence not made part of the administrative record is analyzed under the "good cause" and "materiality" test. *Compare Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000), *cert. denied*, 534 U.S. 1038 (2000) (stating when claimant submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review") with *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984) ("a remand to the Secretary to consider additional evidence not contained in the administrative record . . . [is] provided for by [42 U.S.C. § 405(g)] where the new evidence is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding"). Plaintiff has not made an evidentiary showing or legal argument to establish good cause and materiality as to those records dated after November 2003. Accordingly, the evidence not made a part of the administrative record by the Appeals Council does not provide grounds for a sentence six remand.

### DRIVER'S LICENSE

Plaintiff contends the ALJ erred when he concluded there was sufficient evidence to support a finding Plaintiff could perform his past relevant work in auto sales because there was no evidence Plaintiff had a driver's license, a necessary component of such a

position. Defendant responds the ALJ correctly relied on the testimony of a vocational expert, who concluded Plaintiff could perform his past relevant work based on the hypothetical supplied by the ALJ. The vocational expert testified such a position would require a driver's license. (Tr. at 533.) Plaintiff replies there is undisputed evidence, based on his testimony at the administrative hearing, that, for the past year, he was not able to renew his driver's license. (Tr. at 504.) When questioned whether a doctor advised he would not be able to have one, Plaintiff responded "I'm fighting for it right now." (Tr. at 505.)

Plaintiff, who carries the burden at step four, did not identify any medical records or opinions that would preclude him from renewing his driver's license, other than his testimony, which was determined to be not credible. Additionally, the medical record indicates on two separate occasions Plaintiff reported that his license was suspended for failure to complete a drug and alcohol treatment program as part of his sentence following a DUI. (Tr. at 372, 488.) Thus, there is no evidence Plaintiff's failure to secure a driver's license was related to his medical condition. There was no error.

### STEP TWO – MENTAL HEALTH

Plaintiff contends there was error when the ALJ concluded he was capable of a full range of light work notwithstanding his non-exertional impairments. Those impairments included emotional limitations, side effects of the many medications he was taking, and severe pain, and knee limitations. Defendant responds Dr. Bennett, a psychiatrist, concluded in August 2003 that Plaintiff had good

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 8

mood with congruent bright affect and mental status examination without clinical focus, except for a mild dysphoric affect noted on June 11, 2003. Defendant concludes these findings are similar to the ALJ's conclusion that any mental impairments resulted in no more than a mild limitation.

In his opinion, the ALJ rejected severe mental limitations, noting a "brief" psychiatric examination in 2002 noted Plaintiff complained of audio and visual hallucinations. However, the ALJ also noted Plaintiff was treated with a low dose of Celexa, indicative of the mild nature of his impairment, and treatment occurred only in 2002, less than the durational requirement of one year. (Tr. at 25, 26.)

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to

claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

The medical record discloses Plaintiff was examined in 1997 by Bruce Duthie, Ph.D; no Axis I or II diagnosis was made. (Tr. at 194, 196.) Those findings were reiterated in 1998 by consultant Michael Brown. (Tr. at 208.) However, in October 2001, Dr. Barnard noted a mild limitation in functioning and concentration. (Tr. at 244.) Plaintiff began counseling in January 2002 at the Sunderland Family Treatment Services under the direction of Dr. Bennett after self referral for treatment of increasing depression. (Tr. at 324.) Plaintiff was observed to have "obviously unusual" thought process and insight and judgment. (Tr. at 327.) In March 2002, Dr. Bennett diagnosed post-traumatic stress disorder (PTSD), and depression secondary to general medical condition. Plaintiff reported visual and auditory hallucinations. (Tr. at 329.) Plaintiff's global assessment of functioning was scored at 45, indicative of serious

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 10

limitations. (Tr. at 330.) DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). Plaintiff was initially prescribed a low dose of Celexa - 10 mg qd[3]- as noted by the ALJ, but that prescription increased to 40 mg qam[4] on April 9, 2002. (Tr. at 330, 347.) On July 18, 2002, that prescription was increased again to 80 mg qam. (Tr. at 360.) Lexapro, 20 mg qd, was substituted on October 17, 2002, and renewed on June 11, 2003. (Tr. at 490.) Thus, records submitted to the Appeals Council record continued treatment for mental impairments exceeding the one year durational requirement and prior to the date of last insured. Moreover, the record of prescriptions exceeded the initial low dose that supported the ALJ's finding Plaintiff's mental impairments were non-severe. The medical record, including the supplemental materials dated prior to November 1993 submitted to and accepted by the Appeals Council, do not support the ALJ's finding Plaintiff's mental impairments were non-severe.

Upon remand, the ALJ shall reassess the credibility findings in light of the psychiatric record, secure the testimony of a mental health expert, if necessary, and consider the residual side effects, if any, of the numerous medications prescribed for Plaintiff. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED IN PART;** the captioned matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[3] Once a day.

[4] Every morning.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 11

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 17)** is **DENIED.**

3. Any application for attorney fees shall be submitted by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED February 6, 2006.

          S/ CYNTHIA IMBROGNO
    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 12